DOCKET NO. 735

BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

IN RE WEDTECH CORPORATION SECURITIES LITIGATION

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION
FILED

AUG -5 1987

PATRICIA D. HOWARD
CLERK OF THE PANEL

TRANSFER ORDER

This litigation consists of eleven actions pending in three districts as follows: nine actions in the Southern District of New York, and one action each in the Northern District of Illinois and the Southern District of Texas. Before the Panel is a motion, pursuant to 28 U.S.C. §1407, brought by defendant Touche Ross & Co. seeking centralization of the eleven actions in the Southern District of New York for coordinated or consolidated pretrial proceedings. The only responding parties to oppose the motion are the Illinois and Texas action plaintiffs.

On the basis of the papers filed and the hearing held, the Panel finds that these eleven actions involve common questions of fact, and that centralization under 28 U.S.C. §1407 in the Southern District of New York will best serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation. All actions i) are brought by allegedly defrauded purchasers of the securities of Wedtech Corporation (Wedtech); ii) involve multiple common defendants; iii) contain allegations of the same allegedly fraudulent conduct upon which violations of federal securities and racketeering laws are predicated; and iv) will require discovery of Wedtech's officers, employees, underwriters, accountants and lawyers. Centralization under Section 1407 is thus necessary in order to eliminate duplicative discovery, prevent inconsistent pretrial rulings, and conserve the resources of the parties, their counsel and the judiciary.

We conclude that the Southern District of New York is the appropriate transferee forum for this litigation because: 1) Wedtech was headquartered in New York and relevant records and witnesses can be expected to be found there; 2) discovery is likely to take place in New York regarding relevant underwriting and accounting activity that occurred there; 3) related criminal and bankruptcy proceedings are pending in New York; and 4) most of the common parties are located in the Southern District of New York or its immediate area.

IT IS THEREFORE ORDERED that, pursuant to 28 U.S.C. §1407, the actions listed on the attached Schedule A and pending outside the Southern District of New York be, and the same hereby are, transferred to the Southern District of New York and, with the consent of that court, assigned to the Honorable Leonard B. Sand for coordinated or consolidated pretrial proceedings with the actions pending in that district and listed on Schedule A.

FOR THE PANEL:

Andrew A. Caffrey
Chairman

SCHEDULE A

<u>MDL-735 -- In re Wedtech Corporation Securities Litigation</u>

<u>Southern District of Texas</u>

<u>Aim Advisors, Inc., et al. v. Bear Stearns & Co., Inc., et al., C.A. No. H-87-1361(NWB)</u>

<u>Northern District of Illinois</u>

<u>Frederick Asher, et al. v. John Mariotta, et al., C.A. No. 87C3205(JP)</u>

<u>Southern District of New York</u>

<u>Betty Radler v. Wedtech Corp., et al., C.A. No. 86 Civ 8628(LBS)</u>
<u>David Ackerman, etc. v. Wedtech Corp., et al., C.A. No. 86 Civ 8828(LBS)</u>
<u>William B. Weinberger, etc. v. Wedtech Corp., et al., C.A. No. 86 Civ 8792(LBS)</u>
<u>Robert Havranek, et al. v. John Mariotta, et al., C.A. No. 86 Civ 9103(LBS)</u>
<u>Edward Weinstein, et al. v. John Mariotta, et al., C.A. No. 87 Civ 0073(LBS)</u>
<u>John Riebling v. Wedtech Corp., et al., C.A. No. 86 Civ 8825(LBS)</u>
<u>Mason Silver, etc. v. Wedtech Corp., et al., C.A. No. 86 Civ 8823(LBS)</u>
<u>Michael Gilman, et al., etc. v. Wedtech Corp., et al., C.A. No. 86 Civ 8916(LBS)</u>
<u>Peter W. Shenon, M.D., etc. v. John Mariotta, et al., C.A. No. 87 Civ 0902(LBS)</u>